NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LETICIA R. FARIES, | No. 23-35280 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00489-HZ |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted June 5, 2024[**]
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Claimant Letica R. Faries appeals from the denial of her application for disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's order de novo and reverse only if the Administrative Law

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1.      ***Evidentiary Standard.*** Faries argues that the ALJ erred by not applying a preponderance of the evidence standard. This is incorrect. It is well established that we review the ALJ's decision for substantial evidence, not for a preponderance. *Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) ("Substantial evidence [is] more than a scintilla, but it need not amount to a preponderance.").

2.      ***Faries's Testimony.*** Next, Faries asserts that the ALJ did not provide clear and convincing reasons for discounting her testimony. Where objective evidence establishes that a claimant has an impairment that "could reasonably be expected to produce the pain or other symptoms alleged" and there is no proof of malingering, an ALJ must identify "specific, clear and convincing reasons" supported by substantial evidence in order to reject the claimant's symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citation omitted). The ALJ must identify the claimant's testimony that she finds not credible and "explain what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citation omitted). Here, the ALJ clearly identified Faries's testimony about the severity of her symptoms that the ALJ found not credible and the record evidence that contradicted Faries's testimony. *See id.* Accordingly, we

conclude that the ALJ provided sufficient reasons supported by substantial evidence to discredit Faries's testimony regarding the severity of her symptoms. *See Trevizo*, 871 F.3d at 678.

**3.** ***Dr. Thompson's Opinions.*** Finally, Faries claims that the ALJ erred by failing to give controlling weight to the opinion of her treating rheumatologist, Dr. Mollie Thompson. Because Faries applied for benefits in 2014, the Commissioner's prior regulations apply. *See generally Woods v. Kijakazi*, 32 F.4th 785, 789–90 (9th Cir. 2022); 20 C.F.R. § 404.1527. Under the prior regulations, the ALJ "evaluate[d] every medical opinion" but generally gave "more weight to medical opinions from [the claimant's] treating sources." 20 C.F.R. § 404.1527(c), (c)(2). Because other medical opinions in the record conflict with Dr. Thompson's assessment of Faries's limitations, the ALJ was required to give "specific and legitimate reasons" for discounting Dr. Thompson's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation omitted).

We conclude that the ALJ met this standard. The ALJ's reasons for discounting Dr. Thompson's challenged medical opinions—the 2017 opinion lacked sufficient explanation or support in the medical records for the assessed limitations and the 2021 opinion did not assess any limitations—were specific and legitimate. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (An ALJ may discount a conclusory opinion that is not supported "by relevant medical documentation.").

Moreover, any error in the ALJ's failure to read these opinions together is harmless given the other specific and legitimate reasons that the ALJ cited for discounting Dr. Thompson's opinions. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Specifically, Dr. Thompson's opinion about Faries's physical limitations conflicted with Dr. Thompson's own exam findings and treatment records, as well as with other record evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Ford*, 950 F.3d at 1156. Faries's citation to medical findings that support Dr. Thompson's physical limitations is not sufficient because it shows only that there are conflicts in the medical record, not that the ALJ's view of the record is unsupported. And where "the evidence 'is susceptible to more than one rational interpretation,'" the court must affirm the ALJ. *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (citation omitted).

**AFFIRMED.**